## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>      Plaintiff,<br>v.<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 24-00016 |

## **COMPLAINT**

Deer Park Glycine, LLC ("Plaintiff"), by and through its attorneys, alleges and states as follows:

### CONTESTED DETERMINATION

1. Plaintiff seeks judicial review of the final "Determination to Reject the Scope Ruling Application" ("Determination") issued by the U.S. Department of Commerce, International Trade Administration ("DOC" or "Commerce") on December 28, 2023, that rejected the scope ruling application submitted by GEO Specialty Chemicals, Inc. ("GEO") asking the DOC to determine whether calcium glycinate is within the scope of the antidumping and countervailing duty orders on *Glycine from India, Japan, Thailand, and the People's Republic of China*.

### JURISDICTION

2. Plaintiff brings this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(A)(iii).  The Determination constitutes a final agency action by Commerce concerning Plaintiff's scope ruling request to determine whether a particular type of merchandise is within the class or kind of merchandise described in an existing antidumping or countervailing duty order.

3. In the alternative, Plaintiff brings this action pursuant to 28 U.S.C. § 1581(i). This civil action challenges actions taken by DOC in connection with the administration and enforcement of U.S. trade remedy laws. The relevant statutory provisions conferring section 1581(i) jurisdiction on this Court state:

> The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930. . . .
>
> (1) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
>
> (A) revenue from imports or tonnage;
>
> (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>
> (C) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
>
> (D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section.

28 U.S.C. § 1581.

4. This civil action challenges the DOC's findings in the Determination with respect to the scope of the antidumping and countervailing duty orders on *Glycine from India, Japan, Thailand, and the People's Republic of China*. These actions concern the "administration and enforcement" by Commerce of matters referenced in subsection (c) of 28 U.S.C. § 1581, or, alternatively, the administration of U.S. laws providing for duties on imports "for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(1)(B).

## STANDING

5. On January 1, 2024, GEO transferred all of its rights, title, and interest in and to its glycine business, including its Deer Park, Texas facility, to the Plaintiff, its subsidiary.[1] The Plaintiff now owns and operates the glycine business, including the Deer Park facility.

6. Plaintiff is a domestic producer of glycine, the subject merchandise under the antidumping and countervailing duty orders — *i.e.*, *Glycine from India* (A-533-883 / C-533-884), *Japan* (A-588-878), *Thailand* (A-549-837), and *the People's Republic of China* (C-570-081) (collectively, "Orders").  As one of the original petitioners, GEO fully participated in the underlying Commerce antidumping and countervailing duty investigations that resulted in the Orders, as well as in subsequent administrative reviews.  GEO was also a party to, and participated in, the proceeding that led to the Determination challenged in this action.

7. Because Plaintiff now owns and operates GEO's glycine business, it is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(C) and 1516a(f)(3) and has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c) and (i).

## TIMELINESS OF ACTION

8. Commerce issued the final Determination on December 28, 2023.  The Summons and Complaint are thus timely under 19 U.S.C. § 1516a(a)(2)(A)(ii), 28 U.S.C. § 2636(c) and (i).

## STANDARD OF REVIEW

9. This Court reviews the Determination under 19 U.S.C. § 1516a(b)(1)(B)(i) to determine whether it is "unsupported by substantial evidence on the record or otherwise not in accordance with law."

---

[1] Assignment and Assumption Agreement is enclosed at Exhibit 1.

10. In the alternative, this Court reviews the Determination under 28 U.S.C. § 2640(e) to determine whether the Determination is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" pursuant to 5 U.S.C. § 706.

## STATEMENT OF FACTS

11. On August 14, 2023, Plaintiff filed an application to determine whether calcium glycinate is covered by the scope of the Orders.

12. On October 11, 2023, Commerce issued a scope ruling finding that calcium glycinate is outside the scope of the Orders.

13. On November 29, 2023, Plaintiff submitted another scope ruling application for the same product with additional evidence.

14. On December 28, 2023, Commerce issued the Determination rejecting the Plaintiff's second scope ruling application after finding that the second application is "duplicative" and "otherwise unacceptable" pursuant to 19 C.F.R § 351.225(d)(1)(i).

## STATEMENT OF CLAIMS

### COUNT ONE

15. Paragraphs 1–14 are incorporated by reference.

16. 19 C.F.R. § 351.225(d)(1)(i) allows Commerce to reject a scope ruling application when it finds that the application is "incomplete or otherwise unacceptable." It also states, however, that the applicant can "resubmit the full application at any time, with all identified deficiencies corrected."

17. Commerce rejected the Plaintiff's second scope ruling application because it found that the application was duplicative and thus "otherwise unacceptable."

18.     Because Commerce rejected the scope ruling application based on the finding that it was duplicative, Plaintiff has no ability to cure the deficiency identified by Commerce and resubmit the scope ruling application.  By rejecting the application on this basis, Commerce foreclosed for the Plaintiff the opportunity to resubmit its application.

19.     The Determination, a final agency action that provides for no other remedies at the administrative level, is not in accordance with Commerce's regulations and is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law.

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)     Hold that the Determination is arbitrary, capricious, unsupported by substantial evidence, and an abuse of discretion, or otherwise not in accordance with law;

(B)     Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

(C)     Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David M. Schwartz
David M. Schwartz (Lead)
Michelle Li
Kerem Bilge

Thompson Hine LLP
1919 M Street, NW, Suite 700
Washington, DC  20036-3537
Telephone:  202.263.4170 (Direct)
Email:  David.Schwartz@ThompsonHine.com

*Counsel to Plaintiff Deer Park Glycine, LLC*

Date:   January 26, 2024

# **E**XHIBIT **1**

BEFORE
THE U.S. COURT OF INTERNATIONAL TRADE

*DEER PARK GLYCINE, LLC v. UNITED STATES*

**C**OMPLAINT

JANUARY 26, 2024

**Execution Version**

## ASSIGNMENT AND ASSUMPTION AGREEMENT

**THIS ASSIGNMENT AND ASSUMPTION AGREEMENT** (this "**Agreement**") is made as of January 1, 2024, (the "**Effective Date**"), by and between GEO Specialty Chemicals, Inc., an Ohio corporation ("**Contributor**"), and Deer Park Glycine, LLC, a Delaware limited liability company ("**Recipient**").

### RECITALS

A.  Recipient is a wholly-owned subsidiary of Contributor;

B.  Prior to the Effective Date, Contributor has operated its business consisting of the manufacturing, marketing, distributing and selling of glycine solely at its facility located at 739 Independence Parkway, Deer Park, Texas 77536 (the "**Deer Park Facility**") (such business and operations, the "**Glycine Business**");

C.  As of the Effective Date, Contributor has determined it is in its best interests to transfer all of its Glycine Business and the Deer Park Facility to Recipient;

D.  As of the Effective Date, Contributor and Recipient have entered into a Contribution Agreement (the "**Contribution Agreement**"), pursuant to which Contributor transferred to Recipient all of its rights, title, and interest in and to the Glycine Business, including the Deer Park Facility, to Recipient;

E.  From and after the Effective Date, Recipient will own and operate the Glycine Business, including the Deer Park Facility; and

F.  This Agreement is being executed to evidence and effect the assignment of all rights, liabilities and obligations relating to any action, suit or claim of any nature (including any awarded damages or compensation resulting or pertaining to such action, suit or claim) available to or being pursued by, or against, Contributor to the extent set forth on Schedule I hereto, whether arising by way of counterclaim or otherwise (collectively, the "**Contributed Actions**") by Contributor and the assumption of the Contributed Actions by Recipient pursuant to the Contribution Agreement as such Contributed Actions relate to the Glycine Business.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, intending to be legally bound hereby, the parties hereto agree as follows:

1.  Contributor hereby sells, assigns, grants, conveys and transfers all of its right, title and interest in and to the Contributed Actions to Recipient.

2.  Recipient hereby accepts the foregoing assignment and assumes and becomes responsible for all duties and obligations associated with the Contributed Actions, and expressly agrees to pay, perform, satisfy and discharge as and when due, all liabilities and obligations associated with the Contributed Actions.

3.  Nothing in this Agreement shall supersede, amend, alter or modify (nor shall it be deemed or construed to supersede, amend, alter or modify) any of the terms or provisions of the Contribution Agreement in any manner whatsoever, and in the event of any conflict or inconsistency

between the terms and provisions of this Agreement and those of the Contribution Agreement, the terms and provisions of the Contribution Agreement shall control and prevail.

4. This Agreement shall be governed in all respects, including as to validity, interpretation and effect, by the laws of the State of New York, without giving effect to its principles or rules of conflict of laws, to the extent such principles or rules are not mandatorily applicable by statute and would permit or require the application of the laws of another jurisdiction.

5. This Agreement may be executed in counterparts (including electronically-transmitted counterparts), each of which will be deemed an original and both of which taken together will constitute one and the same instrument.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered as of the Effective Date.

**DEER PARK GLYCINE, LLC**

By_____
Name: Robert Nobile
Title: Chief Financial Officer

[*Signature Page to Assignment and Assumption Agreement – Contributed Actions*]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered as of the Effective Date.

GEO SPECIALTY CHEMICALS, INC.

By _____
Name: Robert Nobile
Title: Chief Financial Officer

[*Signature Page to Assignment and Assumption Agreement – Contributed Actions*]