IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| DEER PARK GLYCINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 24-00016 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPLETE THE RECORD**

Defendant, the United States, respectfully submits this opposition to plaintiff's motion to complete the record. *See* Pl. Mot. to Complete the Record (ECF No. 20). As discussed below, the United States filed the complete agency record relating to the contested determination.[1] Plaintiff's motion to complete the record with additional documents not properly part of the record should be denied.

**ARGUMENT**

**I.     Factual Background**

On August 14, 2023, GEO Specialty Chemicals, Inc. (GEO), the predecessor in interest to plaintiff Deer Park Glycine, submitted a scope ruling application asserting that calcium glycinate is subject to the scope of the antidumping duty orders on glycine from India, Japan, and Thailand, or the countervailing duty orders on glycine from India and the People's Republic of

---

[1] Because the determination at issue applied to four different antidumping or countervailing duty orders, the United States filed four identical administrative records corresponding to four identical decisions. For convenience, we refer to this as a singular administrative record and determination.

China (collectively, the orders). On October 11, 2023, Commerce issued a final scope ruling finding calcium glycinate not subject to the orders. *See Glycine from India, Japan, Thailand, and the People's Republic of China: Scope Ruling on Calcium Glycinate* (Oct. 11, 2023) (Final Scope Ruling) (ECF No. 15-11.). In the final scope ruling, Commerce set forth (1) the scope of the orders; (2) the description of calcium glycinate, the merchandise subject to the scope inquiry; (3) GEO's arguments that calcium glycinate should be considered in-scope; and (4) Commerce's analysis for determining calcium glycinate is not subject to the orders based on plain language of the scope and 19 C.F.R. § 351.225(k)(1). *Id*. Commerce stated that pursuant to 19 C.F.R. § 351.225(m)(1)(ii),[2] the final scope ruling finding calcium glycinate not subject to the scope of the orders would apply to *all* calcium glycinate. *Id*. at 1, 4, 5.

On November 29, 2023, GEO filed a scope ruling application requesting that Commerce find calcium glycinate within the scope of the orders. *See* GEO's Letter, "Scope Ruling Application" (Nov. 29, 2023) (P.R. 1-3, C.R. 1-3)[3]. In response to the November scope ruling application, on December 28, 2023, Commerce declined to initiate another scope inquiry to determine whether calcium glycinate is subject to the orders. *See* Commerce's Letter, "Glycine from the People's Republic of China, India, Japan, and Thailand: Determination to Reject the

---

[2] "In conducting a scope inquiry under this section, the Secretary shall consider, based on the available record evidence, whether the scope ruling should be applied: (i) On a producer-specific, exporter-specific, importer-specific basis, or some combination thereof; or (ii) To all products from the same country with the same relevant physical characteristics, (including chemical, dimensional and technical characteristics) as the product at issue, on a country-wide basis, regardless of the producer, exporter or importer of those products." 19 C.F.R. § 351.225(m)(1).

[3] Citations to the public record (P.R.) and confidential record (C.R.) refer to the record of the underlying administrative review.

Scope Ruling Application on Calcium Glycinate" (Dec. 28, 2023) (P.R. 8, ECF No. 15-10) (Determination Not to Initiate). Specifically, Commerce stated:

> On August 14, 2023, GEO submitted a scope ruling application concerning calcium glycinate, and Commerce issued a final scope ruling on October 11, 2023, in which Commerce determined the product is outside the scope of the *AD Orders* and the *CVD Orders*.[5] Because the Scope Ruling Application concerns the same product, it is deemed duplicative and "otherwise unacceptable" pursuant to 19 CFR 351.225(d)(1)(i). Consequently, we are rejecting your submission consistent with 19 CFR 351.225(d)(1)(i).

*Id*. at 1-2 (quotations and citation in original). In footnote five of the above excerpt, Commerce cited the final scope ruling on calcium glycinate. *Id*. at 2, n.5.

In December of 2023, plaintiff filed a complaint challenging the October scope ruling. *See Deer Park Glycine, LLC. v. United States*, No. 23-00238. The following month, plaintiff filed a separate complaint contesting Commerce's November Determination Not to Initiate. It is this complaint that is the subject of this action. Compl. (ECF No. 2). Plaintiff sought to consolidate the two cases, but the Court denied plaintiff's motion, noting that "each determination is based upon a separate administrative record" and involves a distinct legal standard and analysis. *Deer Park Glycine, LLC v. United States*, Court No. 24-00016, Slip Op. 24-35 at 5-6 (Ct. Int'l Trade) (Mar. 26, 2024) (ECF No. 13).

On March 26, 2024, Commerce filed the administrative record with the Court. *See* ECF No. 15. The filing included (1) the administrative record indices, divided into two sections listing the public documents and documents containing business proprietary information (BPI); (2) Commerce's Determination Not to Initiate; (3) Commerce's final scope ruling; and (4) a declaration certifying that a true and complete copy of the administrative record was prepared. *Id*. The administrative record includes the November scope application that initiated the administrative proceeding under review, *see* ECF No. 15-2 – 15-9, as well as the October scope

ruling that led Commerce to conclude that another scope inquiry would be duplicative and unnecessary, ECF No. 15-11.[4]  It also included various additional documents that Commerce issued or received during the proceeding.  *See* ECF No. 15-2 – 15-9.

Plaintiff now moves for Commerce to file the August scope ruling application as part of the record.  However, that application initiated a separate administrative proceeding than the one challenged here.  The August scope ruling application was not submitted during the course of this segment of the administrative proceeding, nor did Commerce consider or rely on it in reaching its determination not to initiate another scope inquiry regarding a product that had just been the subject of a final scope ruling.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 2640(e), "the Court of International Trade shall review {a section 1581(i)} matter as provided in section 706 of title 5."  *Dixon Ticonderoga Co. v. United States*, 468 F.3d 1353, 1355 (Fed. Cir. 2006) (citing *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1004 (Fed. Cir. 2003)); *see*, *e.g.*, *Canadian Lumber Trade Alliance v. United States*, 517 F.3d 1319, 1329 (Fed. Cir. 2008) ("When reviewing a decision of the Court of International Trade in a suit brought pursuant to 28 U.S.C. § 1581(i), we apply the standard of review set forth by the Administrative Procedure Act…").  Section 706 provides that "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."  5 U.S.C. § 706.

---

[4]  The October scope ruling was not included in the auto-generated ACCESS index of the appendix, since it was not submitted by the parties, or issued by Commerce, as part of the administrative proceeding.  However, it was relied on by Commerce in reaching its decision, *see* Determination Not to Initiate, and is therefore part of the administrative record, so we filed it as ECF No. 15-11.

4

This Court has interpreted the "whole record" to consist of "the full administrative record that was before the Secretary at the time he made his decision." *Advanced Tech. & Materials Co. v. United States*, 34 C.I.T. 598, 601 (2010) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). "A complete record includes all material directly or indirectly considered by the agency, including evidence presented to the agency that is contrary to its ultimate decision and not relied on by the agency." *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1355 (Ct. Int'l Trade 2020) (citing *Ammex, Inc. v. United States*, 62 F. Supp. 2d at 1155-56 (1999)). Accordingly, "relevant materials that were neither directly nor indirectly considered by agency decisionmakers should not be included." *Ammex*, 62 F. Supp. 2d at 1156 (1999).

Further, "{t}he Department's designation of the record is entitled to a presumption of administrative regularity, and the court must presume that all of the materials considered in the decision-making process have been included." *Advanced Tech. & Materials*, 34 C.I.T. at 604. "In a motion to complete the administrative record, a party must do more than simply allege that the record is incomplete. Rather, a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Giorgio Foods, Inc. v. United States*, 755 F. Supp. 2d 1342, 1346 (2011) (citing *Defs. of Wildlife v. Dalton*, 24 C.I.T. 1116, 1119 (2000)). To rebut the presumption that the administrative record is complete, a party must present "'clear evidence' that the materials were considered by the decision-makers." *Advanced Tech. & Materials*, 34 C.I.T. at 604 (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir.1993) and *Ammex*, 62 F. Supp. 2d at 1153).

This Court requires that the record in a proceeding reviewed under 28 U.S.C. §1581(i) contain:

(1) A copy of the contested determination and the findings or report on which such determination was based.

(2) A copy of any reported hearings or conferences conducted by the agency.

(3) Any documents, comments, or other papers filed by the public, interested parties, or governments with respect to the agency's action. The agency must identify and file under seal any document, comment, or other information obtained on a confidential basis, including a non-confidential description of the nature of such confidential document, comment or information.

(4) A certified list of all items specified in paragraphs (1), (2) and (3) of this subdivision (a).

USCIT Rule 73.3.

If an item is not properly part of the record, the Court may direct Commerce to supplement the record with the extra-record evidence. In that case, the Court applies a different standard of review. *Giorgio Foods*, 755 F. Supp. 2d at 1346. A motion to supplement will only be granted in the event of "'rare case' exceptions" to the standard rule, when there are "certain compelling, narrowly defined circumstances." *Advanced Tech. & Materials*, 34 C.I.T. at 603-04 (2010) (internal citations omitted). "These exceptions include situations (1) where the movant has presented 'a strong showing of bad faith or improper behavior by agency decision makers;' (2) where the court, at its discretion, wishes to obtain background information as an aid to understanding highly technical matters; or to judge the adequacy of the procedures and facts considered; and (3) when there is 'such failure to explain administrative action as to frustrate effective judicial review....'" *Id.*

6

**III.     GEO's August Scope Ruling Application Is Not Part Of The Official Record**

The United States timely filed each of the documents required by USCIT Rule 73.3(a), and properly did not include the August scope ruling application in the administrative record for this case.  The August scope ruling application was part of a prior and separate scope proceeding, and the Secretary did not directly or indirectly consider the August scope ruling application in determining not to initiate a scope inquiry pursuant to the November scope ruling application.  Plaintiff has failed to overcome the presumption that the record filed includes all the documents considered by the decisionmaker or to demonstrate that the record is incomplete with clear, non-speculative evidence.  Finally, plaintiff has not justified the inclusion of extra-record evidence to supplement, rather than complete, the record.

    **A.     The August Scope Ruling Application Is Not Part Of The Administrative Record**

Commerce properly filed "{a} copy of the contested determination and the findings or report on which such determination was based" in accordance with USCIT R. 73.3(a)(1) as well as documents required by USCIT R. 73.3(a)(2)-(4).  The contested determination in this case is the Determination Not to Initiate, which also includes the findings on which Commerce based its decision.  *See* Determination Not to Initiate.  Further, Commerce included "the full administrative record that was before the Secretary at the time he made his decision." *Advanced Tech. & Materials*, 34 C.I.T. at 601;  ECF No. 15.  This includes the November scope ruling application, which initiated the proceeding, as well as the October 11, 2024 Scope Ruling, ECF No 15-11, which was the basis of Commerce's conclusion that the November application was duplicative and did not warrant a new scope ruling.  The record also includes the various documents issued or received by Commerce over the scope of the administrative proceeding, which are listed in the index.  *See* ECF Nos. 15-2 – 15-9.

But the administrative record does not and should not include the August scope ruling application. The application does not fall within the categories of documents specified in USCIT Rule 73.3(a), as it is not part of the contested determination or its supporting findings, a copy of a hearing or conference, or a document filed by a party with respect to the action at issue. *See* USCIT Rule 73.3(a)(1)-(3). Rather, it is a document filed by a party in a prior proceeding with respect to a *previous* action that is subject to separate litigation. Nor was the August scope ruling application "directly or indirectly considered by the agency" in reaching the challenged decision. *Invenergy Renewables*, 476 F. Supp. 3d at 1355. The contested determination is a decision not to initiate a second scope inquiry on calcium glycinate where Commerce previously issued a scope ruling finding that all calcium glycinate is not subject to the scope of the orders. *See* Determination Not to Initiate. While this determination relied on the final scope ruling on calcium glycinate issued on October 11, 22023, it did not rely on the August application from that scope proceeding. *See id*. Considering the final scope ruling itself was sufficient for Commerce to determine that the November application "concerns the same product" as the final scope ruling and therefore did not warrant another scope inquiry. *Id*.

Although the contested determination here is not a final scope ruling but rather a determination not to initiate a scope inquiry, in its scope rulings Commerce often relies on prior scope rulings to guide its inquiry. *See* 19 C.F.R. § 351.225(k)(1)(i)(C) (including "prior scope rulings" among the "interpretive sources" that guide scope inquiry). For instance, Commerce may apply the analysis from a prior final scope ruling to the inquiry at hand. However, in doing so Commerce does not necessarily analyze and consider the corresponding prior scope ruling applications, which are from separate administrative proceedings and typically contain proprietary information, and those applications do not become part of the administration record

8

simply because Commerce relied on the resulting scope ruling. Similarly, in this case Commerce relied on the final scope ruling without considering the August scope ruling application, and only the final scope ruling is properly part of the administrative record.

Plaintiff argues that Commerce's Determination Not to Initiate "references" the August scope ruling application, indicating that Commerce relied on the application itself. However, the only mention of the August application is a single sentence—citing to the October scope ruling—noting that "{o}n August 14, 2023, GEO submitted a scope ruling application concerning calcium glycinate…" Determination Not to Initiate at 1. A citation to the October scope ruling, which contained this background information, does not indicate that Commerce relied on the August application itself, but rather confirms that Commerce relied on the October scope ruling for this information.

Plaintiff further argues that Commerce must have considered the August scope ruling application to reach the conclusion that the November application was "duplicative." Pl. Mot. at 3. However, Commerce did not find the November application duplicative by comparing it to the August application. Instead, it compared the November application to the October scope ruling and concluded that the November application concerned an identical product. Determination Not to Initiate at 1. The October scope ruling, which described the product under review and the reasons for finding it outside the scope of the orders, contained all the necessary information to make this determination. *See* Final Scope Ruling. The November scope ruling application concerned calcium glycinate, and the October scope ruling already determined all calcium glycinate is not subject to the scope of the orders. *See id*. at 1, 4, 5. Accordingly, Commerce did not "necessarily have to consult" the August scope ruling application, and in fact declined to do so. Pl. Br. at 4 (quoting *Giorgio Foods*, 755 F. Supp. 2d at 1348).

9

Ultimately, plaintiff's argument amounts to mere speculation that Commerce considered the August application. Plaintiff therefore cannot meet its burden to "provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Giorgio Foods*, 755 F. Supp. 2d at 1346. *See also Advanced Tech. & Materials*, 34 C.I.T. at 604 (requiring "'clear evidence' that the materials were considered by the decision-makers."). Accordingly, the Court should deny plaintiff's motion to add the August scope ruling application to the record, and preserve the settled principle that, "[i]f a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Advanced Tech. & Materials*, 34 C.I.T. at 603 (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F. 2d 788, 792 (D.C. Cir. 1984)) (noting it is "'black letter law' that review in federal court must be confined to the agency's record.").

### B.     Plaintiff Has Not Justified The Inclusion Of Extra-Record Evidence

Plaintiff argues that even if the August scope ruling application is not properly part of the record, the Court can "supplement the record with additional documents." Pl. Mot. at 4. Plaintiff asserts that the Court should do so because it is necessary to review Commerce's finding that the November scope ruling application is duplicative. Pl. Mot. at 4-5.

However, plaintiff faces a high burden, and must demonstrate that this case falls within the "certain compelling, narrowly defined circumstances" where it is appropriate for the Court to consider extra-record evidence. *Advanced Tech. & Materials*, 34 C.I.T. at 603-04. These include bad faith, a need to understand highly technical matters, or a total failure to explain an administration decision. *Id.* A bare assertion that a document is "necessary" for the Court's review is insufficient.

10

Moreover, the Determination Not to Initiate demonstrates that the August scope ruling application is not necessary for the Court's review. Commerce's Determination Not to Initiate was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, because Commerce properly determined that it had already issued a final scope ruling concerning the calcium glycinate, the exact same product identified in the November scope ruling application. *See* Determination Not to Initiate. Commerce did not review the August application to reach this conclusion, because it was able to do so based on the final scope ruling itself. *Id.* As a result, far from being "necessary," review of the August scope ruling application would be improper, as the Court has repeatedly affirmed that it must limit its review to the administrative record. *See Beker Indus. Corp. v. United States*, 7 C.I.T. 313, 315 (1984) ("{T}he scope of the record for judicial review… is confined to the immediate administrative review in dispute."); *see also PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761 (Fed. Cir. 2012) (reversing trial court decision requiring Commerce to consider non-record evidence).

Of course, the August scope ruling application is part of the administrative record in Court No. 23-00238, which challenges the Final Scope Order that was issued in response to that application. But as the Court observed in its decision denying consolidation, "{a}lthough the two actions are related and stem from some common facts, the ultimate legal analyses required for disposition of the cases do not overlap" and "each determination is based upon a separate administrative record." Slip Op. 24-35 (ECF No. 13) at 5-6. In this case, the only determination in dispute is Commerce's determination not to initiate another scope inquiry for a product that is already subject to a scope order. Commerce made this determination without considering the August scope ruling application, and this Court should reject plaintiff's attempt to supplement this record with extra-record evidence.

11

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiff's motion to complete the record.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

OF COUSNEL:
JOSEPH GROSSMAN-TRAWICK
Attorney
Office of the Chief Counsel
   for Trade Enforcement & Compliance
U.S. Department of Commerce
Washington, D.C.

/s/ Kelly Geddes
KELLY GEDDES
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 307-2867
Email: kelly.geddes2@usdoj.gov

May 31, 2024

*Attorneys for Defendant*

12