**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

| | |
|---|---|
| DEER PARK GLYCINE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | COURT NO. 24-00016 |

**THE PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPLETE THE RECORD AND IN RESPONSE TO THE DEFENDANT'S OPPOSITION BRIEF**

On behalf of the Plaintiff Deer Park Glycine, LLC ("Plaintiff"),[1] we respectfully submit this reply brief in support of its motion to complete the record and in response to the opposition brief filed by the Defendant, the United States ("Defendant"). *See Defendant's Opposition to Plaintiff's Mot. To Complete the Record* (ECF No. 23). The Plaintiff asks the U.S. Court of International Trade ("Court" or "CIT") to grant its motion and complete the administrative record here to include the Plaintiff's August 2023 scope ruling application concerning calcium glycinate that the Department of Commerce ("Commerce") considered and relied upon in the underlying scope proceeding on appeal.

**I.     CIT RULE 73.3(a)(1) REQUIRES THE DEFENDANT TO INCLUDE THE AUGUST 2023 SCOPE RULING APPLICATION TO COMPLETE THE RECORD**

   **A.     August 2023 Scope Ruling Application Completes the "Whole Record" "Indirectly Considered by Agency Decision-makers"**

According to CIT Rule 73.3(a)(1), the agency must file with the clerk of the Court, *inter alia*, "{a} copy of the contested determination and the findings or report on which such determination was based" to complete the whole record for judicial disposition. As noted in

---

[1] The Plaintiff at issue here is a subsidiary of GEO Specialty Chemicals, Inc. and the successor to GEO's glycine business. *See* Dkt. No. 14.

the Plaintiff's initial motion and brief in support, the "whole record" means "everything that was before the agency pertaining to the merits of its decision," including "all documents and materials directly or indirectly considered by agency decision-makers." *See Advanced Tech. & Materials Co. v. United States*, 34 C.I.T. 598, 601 (2010) (citing *Portland Audubon Soc. v. Endangered Species Committee*, 984 F.2d 1534, 1548 (9th Cir. 1993); *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)). However, "a document need not literally pass before the eyes of the final agency decision maker." *See Giorgio Foods, Inc. v. United States*, 35 C.I.T. 297, 301 (2022) (quoting *Miami Nation of Ind., Inc. v. Babbitt*, 979 F. Supp. 771, 777 (N.D. Ind. 1996)).

CIT Rule 73.3(a)(1) necessitates the inclusion of the Plaintiff's August 2023 scope ruling application to complete the whole record because the application was "before the agency" and resulted in Commerce's October 2023 scope ruling, which in turn had the "merits of its decision" considered when Commerce devised its December 2023 Determination Not to Initiate. In other words, because the October 2023 scope ruling is a "finding" on which the contested determination of this case is "based," the August 2023 application was also a "document…indirectly considered by agency decision-makers" that informed Commerce's Determination Not to Initiate. Whether "Commerce…necessarily ha{d} to consult the August {2023} scope ruling application, and in fact declined to do so," as alleged by the Defendant, is irrelevant; what matters is that (1) the August 2023 application was the sole basis undergirding Commerce's October 2023 scope ruling, and (2) because the October 2023 scope ruling informed the Determination Not to Initiate, the August 2023 application that instigated and informed the October 2023 scope ruling was "indirectly considered by agency decision-makers" and thus is necessary to complete the record.

**B.    Excluding the Plaintiff's August 2023 Application is Illogical Because It Provides Context for Commerce's October 2023 Scope Ruling**

The Defendant's argument to exclude the Plaintiff's August 2023 scope ruling application from the record is flawed because doing so obscures why Commerce had to issue its October 2023 scope ruling in the first instance.  Using vague language, the Defendant suggests that Commerce issued the October 2023 scope ruling on its own accord without any external impetus; the Defendant states: "{t}he contested determination is a decision not to initiate a second scope inquiry on calcium glycinate where Commerce previously issued a scope ruling finding that all calcium glycinate is not subject to the scope of the orders."  However, this wording conceals the reality that Commerce's October 2023 scope ruling was *reactive* in nature—not proactive.  As reported in the "Background" section of the October 2023 scope ruling, Commerce acknowledges:

> On August 14, 2023, pursuant to 19 CFR 351.225(c), GEO Specialty Chemicals, Inc. (GEO) filed a scope ruling application requesting that Commerce find calcium glycinate is subject to the scope of the{AD and CVD} *Orders*.  {Consequently,} {o}n August 30, 2023, Commerce accepted GEO's scope ruling application, initiated the scope inquiry, and invited interested parties (other than GEO) to submit comments and factual information to rebut, clarify, or correct factual information contained in {GEO's} Scope Ruling Application by September 23, 2023.

Excluding the Plaintiff's August 2023 application from the record would result in the Court missing "everything that was before the agency" that eventually led to Commerce's Determination Not to Initiate in the underlying proceeding on appeal here.

Excluding the Plaintiff's August 2023 application is also illogical because doing so would endorse the Defendant's misconception that "{w}hile th{e} {contested} determination relied on the final scope ruling on calcium glycinate issued on October 11, 22023 {*sic*}, it did not rely on the August application from that scope proceeding."  On the one hand, the Defendant claims that the October 2023 scope ruling was "directly…considered by agency decision-

makers" and was a "finding" upon which the contested determination here is "based," but, on the other hand, the Defendant also claims that the impetus for and primary basis underpinning that very "finding" could not have been "indirectly considered by agency-makers" when Commerce issued the Determination Not to Initiate.  By completing the record with the Plaintiff's August 2023 application, the Court will have the same context the agency decision-makers had when they devised the Determination Not to Initiate in December 2023:  "everything that was before the agency," including all material "indirectly considered by agency decision-makers."

II.     **EVEN IF THE AUGUST 2023 APPLICATION IS NOT PART OF THE RECORD, THE PLAINTIFF HAS SATISFIED THE THRESHOLD TO SUPPLEMENT THE RECORD WITH IT AS "EXTRA-RECORD EVIDENCE"**

Even if a document or other material is not part of a record, the Court may direct Commerce to supplement the record with "extra-record evidence" when:  (1) there is a strong showing the agency decision-makers have engaged in bad faith or improper behavior; (2) where the court, at its own discretion, wishes to obtain "background information as an aid" to better comprehend highly technical matters or to judge the adequacy of the procedures and facts at issue; or (3) when there is "such failure to explain administrative action" that extra-record evidence is necessary as to not "frustrate effective judicial review."  *Advanced Tech. & Materials Co.*, 34 C.I.T. 598, 603–04 (internal citations and quotations omitted).  Here, the Court should direct Commerce to supplement the record with the August 2023 scope ruling application as "extra-record evidence" because its inclusion as "background information" will aid the Court in understanding and explaining Commerce's actions so as not to "frustrate effective judicial review."

### A. The Court's Compelling Interest Supports Supplementing the Record with the August 2023 Application Because This "Background Information" Will "Aid" the Court to Better Comprehend the Facts at Issue

Even if the August 2023 scope ruling application is considered "extra-record evidence," the Court has a compelling interest to supplement the record with it because the August 2023 application is material "background information" that can "aid" the Court to better comprehend the facts at issue. As noted previously, the August 2023 application was the impetus for and primary factor underpinning the very finding—the October 2023 scope ruling—upon which Commerce's Determination Not to Initiate is based. In fact, a closer inspection of *every* document the Defendant includes in the record mentions the August 2023 application: The October 2023 scope ruling points out it is dependent on the "August 14, 2023 {application} pursuant to 19 CFR 351.255(c) {that} GEO Specialty Chemicals, Inc. (GEO) filed…"; the November 2023 application states that "{o}n August 30, 2023, the Department {of Commerce} initiated a scope inquiry on calcium glycinate"; and Commerce's Determination Not to Initiate acknowledges that the triggering event for its October 2023 scope ruling and the Plaintiff's November 2023 application prompting the Determination Not to Initiate began "{o}n August 14, 2023, {when} GEO submitted a scope ruling application concerning calcium glycinate…."

Despite the Defendant's attempt to minimize the significance of the August 2023 scope ruling application by noting that the Determination Not to Initiate "only {makes} mention of the August {2023} application i{n} a single sentence," *each and every* document that the Defendant claims should be included in the record references the Plaintiff's August 2023 application. Accordingly, if the August 2023 application is not considered part of the record, the August 2023 application should, at the very least, be "extra-record evidence" that is treated as material "background information" to "aid" the Court to better understand and appreciate the facts here.

**B.     The Court's Compelling Interest Supports Supplementing the Record with the August 2023 Application Because Failing to Do So Will "Frustrate Effective Judicial Review"**

The Court may supplement the record with "extra-record evidence" in certain, narrow instances, "such as failure to explain administrative action {that would} frustrate effective judicial review." *Advanced Tech. & Materials Co.*, 34 C.I.T. 598, 604 (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)).  Here, the August 2023 scope ruling application would demonstrably explain why Commerce issued the October 2023 scope ruling—a key "finding" on which the contested determination of this appeal is "based."  Stated differently, but for the August 2023 application, Commerce would have never issued the October 2023 scope ruling.  Accordingly, if the August 2023 application is deemed "extra-record evidence," the Court has a compelling interest to supplement the record with it—otherwise, the Court cannot administer effective judicial review because the Court will be missing crucial context and forced to make assumptions about the inception of this appeal.

**III.   CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant this Motion.

                                                          Respectfully submitted,

Dated:  June 13, 2024                     /s/ David M. Schwartz
                                                          David M. Schwartz
                                                          Kerem Bilge
                                                          THOMPSON HINE LLP
                                                          1919 M Street, N.W., Suite 700
                                                          Washington, D.C.  20036
                                                          Direct:  (202) 263-4170
                                                          Fax:  (202) 331-8330
                                                          Email:  David.Schwartz@ThompsonHine.com

                                                          *Counsel for Plaintiff Deer Park Glycine, LLC*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>                    Defendant. | BEFORE:  JOSEPH A. LAROSKI, JR.,<br>                     JUDGE<br><br>COURT NO. 24-00016 |

**ORDER**

Upon consideration of the Plaintiff's Motion to Complete the Record, it is hereby

ORDERED that the Plaintiff's motion is GRANTED.

                                                                          _____
                                                                          JOSEPH A. LAROSKI, JR., JUDGE

Dated: _____, 2024
           New York, New York

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this reply brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 1,624 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ David M. Schwartz
David M. Schwartz

**THOMPSON HINE LLP**

1919 M Street, NW, Suite 700
Washington, DC  20036-3537
Telephone:  (202) 263-4170
Telefax:     (202) 331-8330
Email:       David.Schwartz@ThompsonHine.com

*Counsel to Plaintiff Deer Park Glycine, LLC*

June 13, 2024