UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>                    PLAINTIFF,<br><br>    V.<br><br>UNITED STATES,<br><br>                    DEFENDANT. | COURT NO. 24-00016 |

**PLAINTIFF DEER PARK GLYCINE, LLC'S RULE 56.1 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

The Plaintiff Deer Park Glycine, LLC ("DPG") moves for judgment on the agency record under the United States Court of International Trade Rule 56.1.

The Plaintiff's case challenges the December 28, 2023 determination ("December 2023 Determination") of the U.S. Department of Commerce (the "Department" or "Commerce") rejecting the November 29, 2023 scope ruling application ("November 2023 Scope Ruling Application") of the Plaintiff asking Commerce to determine that calcium glycinate is covered by the scope of the antidumping and countervailing duty orders on glycine — *i.e.*, *Glycine from India* (A-533-883 / C-533-884), *Japan* (A-588-878), *Thailand* (A-549-837), and *the People's Republic of China* (C-570-081) (collectively, "Orders").  *See Glycine from India and Japan: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Orders*, 84 Fed. Reg. 29170 (Dep't of Commerce June 21, 2019); *Glycine from Thailand: Antidumping Duty Order*, 84 Fed. Reg. 55912 (Dep't of Commerce Oct. 18, 2019); and *Glycine from India*

*and the People's Republic of China: Countervailing Duty Orders*, 84 Fed. Reg. 29173 (Dep't of Commerce June 21, 2019).

For the reasons outlined in the accompanying memorandum of points and authorities in support of this motion, Commerce's December 2023 Determination departs from established practice without a reasonable explanation and is arbitrary and capricious, is unsupported by substantial evidence, and is plainly erroneous and inconsistent with its own regulations.

WHEREFORE, the Plaintiff requests that this Court enter an Order: (1) holding Commerce's December 2023 determination unsupported by substantial evidence, arbitrary, and plainly erroneous, and inconsistent with its own regulations; (2) remanding the December 2023 Determination with instructions for Commerce to initiate a scope inquiry proceeding on the November 2023 Scope Ruling Application; and (3) granting additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David M. Schwartz
David M. Schwartz
Kerem Bilge

THOMPSON HINE LLP

1919 M Street, NW, Suite 700
Washington, DC  20036-3537
Telephone:   (202) 263-4170
Telefax:       (202) 331-8330
Email:         David.Schwartz@ThompsonHine.com

*Counsel to Deer Park Glycine, LLC*

Dated:  July 23, 2024

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

| | |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>                    Plaintiff<br><br>        v.<br><br>UNITED STATES,<br><br>                    Defendant. | **COURT NO. 24-00016** |

**PROPOSED JUDGMENT**

Upon consideration of the Plaintiff's Motion for Judgment on the Agency Record,

the Defendant United States' response thereto, and all other papers and proceedings had herein,

it is hereby

**ORDERED** that the Motion for Judgment on the Agency Record filed by the Plaintiff is

granted; and it is further

**ORDERED** that this matter is remanded to the United States Department of Commerce

for disposition consistent with the Court's final opinion.

**SO ORDERED.**

_____
Joseph A. Laroski, Jr., Judge


Dated: _____
        New York City, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

| | |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>                              Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>                              Defendant. | COURT NO. 24-00016<br><br>PUBLIC VERSION<br><br>BUSINESS PROPRIETARY INFORMATION ("BPI") HAS BEEN REDACTED FROM PAGES 5 AND 14. |

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF
IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD

David M. Schwartz
Kerem Bilge

**THOMPSON HINE LLP**

1919 M Street, N.W., Suite 700
Washington, DC 20036
(202) 263-4170
(202) 331-8330 (fax)
David.Schwartz@ThompsonHine.com
Kerem.Bilge@ThompsonHine.com

*Counsel to Deer Park Glycine, LLC*

Dated:  July 23, 2024

PUBLIC VERSION

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT PURSUANT TO RULE 56 .................................................. 2

      A.    THE ADMINISTRATIVE DETERMINATION UNDER REVIEW ...................... 2

      B.    ISSUES PRESENTED FOR REVIEW ........................................................... 2

III.  STATEMENT OF FACTS ........................................................................... 3

IV.   SUMMARY OF THE ARGUMENT ............................................................. 7

V.    JURISDICTION AND STANDARD OF REVIEW ........................................ 8

VI.   ARGUMENT ............................................................................................. 9

      A.    COMMERCE'S OUTRIGHT REFUSAL TO INITIATE A SECOND SCOPE INQUIRY
            PROCEEDING ON CALCIUM GLYCINATE IS A DEPARTURE FROM
            ITS ESTABLISHED PRACTICE WITHOUT A REASONABLE EXPLANATION ................. 9

      B.    COMMERCE'S FINDING THAT THE NOVEMBER 2023 SCOPE RULING
            APPLICATION IS DUPLICATIVE IS NOT SUPPORTED BY SUBSTANTIAL
            EVIDENCE .......................................................................................... 13

      C.    THE DECEMBER 2023 DETERMINATION IS PLAINLY ERRONEOUS AND
            INCONSISTENT WITH COMMERCE'S REGULATIONS .............................. 15

VII.  CONCLUSION AND PRAYER FOR RELIEF .......................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.L. Patterson, Inc. v. United States*,
    585 Fed. Appx. 778 (Fed. Cir. 2014) ........................................................................8

*Ala. Aircraft Indus. v. United States*,
    586 F.3d 1372 (Fed. Cir. 2009) ................................................................................9

*CC Metals & Alloys, LLC v. United States*,
    145 F. Supp. 3d 1299 (Ct. of Int'l Trade 2016) .....................................................17

*Chisholm v. Def. Logistics Agency*,
    656 F.2d 42 (3d Cir. 1981) .......................................................................................12

*DAK Americas LLC v. United States*,
    456 F. Supp. 3d 1340 (Ct. of Int'l Trade, 2020) ....................................................12

*Glycine & More, Inc. v. United States*,
    107 F. Supp. 3d 1356 (Ct. of Int'l Trade 2015) .....................................................17

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*,
    463 U.S. 29, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983) ..........................................9

*NSK Ltd. v. United States*,
    510 F.3d 1375 (Fed. Cir. 2007) ................................................................................8

*SKF USA Inc. v. United States*,
    263 F.3d 1369 (Fed. Cir. 2001) ..........................................................................9, 12

*Skidmore v. Swift & Co.*,
    323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944) ........................................12

*Target Corp. v. United States*,
    578 F. Supp. 2d 1369 (Ct. of Int'l Trade 2008) ...............................................10, 11

*Thomas Jefferson Univ. v. Shalala*,
    512 U.S. 504 (1994) .................................................................................................17

*Wheatland Tube Co. v. United States*,
    161 F.3d 1365 (Fed. Cir. 1998) ................................................................................8

*Wuhu Fenglian Co. v. United States*,
    836 F. Supp. 2d 1398 (Ct. of Int'l Trade 2012) .....................................................17

PUBLIC VERSION

**Statutes**

5 U.S.C. § 706(2)(A) ....................................................................................................8

19 U.S.C. § 1516a(a)(2)(B)(vi) ....................................................................................9

19 U.S.C. § 1516a(b)(1)(B)(i) .......................................................................................8

28 U.S.C. § 1581(i)(1)(B) .............................................................................................8

28 U.S.C. § 1581(c) ......................................................................................................8

28 U.S.C. § 2640(e) ......................................................................................................8

**Regulations**

19 C.F.R. § 351.225(d)(1) .............................................................................................9

19 C.F.R. § 351.225(d)(1)(i) .........................................................................................2

19 C.F.R. § 351.225(d)(1)(i) .........................................................................................5

19 C.F.R. § 351.225(d)(1)(i) .........................................................................................9

19 C.F.R. § 351.225(d)(1)(i) .......................................................................................10

19 C.F.R. § 351.225(d)(1)(i) .......................................................................................12

19 C.F.R. § 351.225(d)(1)(i) .......................................................................................15

19 C.F.R. § 351.301(c)(1) ...........................................................................................17

19 C.F.R. § 351.401(e) ................................................................................................17

19 C.F.R. § 351.225 ......................................................................................................9

*Administrative Protective Order, Service, and Other Procedures in Antidumping and Countervailing Duty Proceedings*, 88 Fed. Reg. 67069 (Dep't of Commerce Sept. 29, 2023) ..................................................................................6, 16

*Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52300 (Dep't of Commerce Sept. 20, 2021) ..................................................................................................................6, 16

*Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 85 Fed. Reg. 49472 (Dep't of Commerce Aug. 13, 2020) ......................................................................................................................17

PUBLIC VERSION

**Administrative Determinations**

*Aluminum Extrusions from the People's Republic of China, Notice of Scope Rulings*, 78 Fed. Reg. 32372 (Dep't of Commerce May 30, 2013).........................................10

*Aluminum Extrusions from the People's Republic of China, Notice of Scope Rulings*, 79 Fed. Reg. 30821 (Dep't of Commerce May 29, 2014).........................................10

*Glycine from India and Japan: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Orders*, 84 Fed. Reg. 29170 (Dep't of Commerce June 21, 2019) .........................................................................................3

*Glycine from India and the People's Republic of China: Countervailing Duty Orders*, 84 Fed. Reg. 29173 (Dep't of Commerce June 21, 2019) ...........................................3

*Glycine from Thailand: Antidumping Duty Order*, 84 Fed. Reg. 55912 (Dep't of Commerce October 18, 2019).................................................................................3

*Notice of Scope Rulings*, 78 Fed. Reg. 32372 (Dep't of Commerce May 30, 2013) ...................10

*Notice of Scope Rulings*, 79 Fed. Reg. 30821 (Dep't of Commerce May 29, 2014)....................10

**Other Authorities**

Merriam-Webster Dictionary https://www.merriam-webster.com/dictionary/duplicative ........................................................................15

PUBLIC VERSION

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

|  |  |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>                           Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>                           Defendant. | COURT NO. 24-00016<br><br>PUBLIC VERSION<br><br>BUSINESS PROPRIETARY INFORMATION ("BPI")<br>HAS BEEN REDACTED FROM PAGES 5 AND 14. |

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF
IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD

## I.    INTRODUCTION

This appeal challenges whether the U.S. Department of Commerce (the "Department" or "Commerce") acted reasonably when it rejected the Plaintiff's scope ruling application after finding that it was duplicative and thus "otherwise unacceptable." By rejecting the Plaintiff's scope ruling application on these grounds, Commerce failed to follow its own regulations and acted arbitrary, capricious, and otherwise not in accordance with law.

First, Commerce's decades-long practice shows that the agency has repeatedly initiated scope proceedings upon receiving scope ruling applications for a product that was previously addressed by Commerce in a separate scope proceeding. Commerce's outright refusal to initiate a scope proceeding upon the Plaintiff's November 2023 scope ruling application fails to follow Commerce's own established practice and is thus arbitrary. Second, contrary to Commerce's finding, the Plaintiff's November 2023 scope ruling application is not "duplicative" because

it contains additional evidence showing that the merchandise at issue is within the scope of

the pertinent antidumping and countervailing duty orders and that Commerce's finding is thus

not supported by substantial record evidence. Third, Commerce's refusal to initiate a scope

proceeding upon finding that the scope ruling application is "duplicative" forecloses

the Plaintiff's opportunity to correct any perceived deficiencies and resubmit the application,

contrary to Commerce's regulations. For these reasons, Commerce's December 2023

determination is plainly erroneous and inconsistent with its own regulations.

The Plaintiff respectfully requests that the motion for judgment on the agency record be

granted and that judgment be entered in favor of the Plaintiff.

## II.     STATEMENT PURSUANT TO RULE 56

### A.     THE ADMINISTRATIVE DETERMINATION UNDER REVIEW

The administrative determination under review is Commerce's December 28, 2023

determination rejecting the Plaintiff's November 2023 scope ruling application after finding that

the application "concerns the same product" and is "duplicative and otherwise unacceptable"

pursuant to 19 C.F.R. § 351.225(d)(1)(i) ("December 2023 Determination").  P.R. 8.[1]

### B.     ISSUES PRESENTED FOR REVIEW

The Plaintiff presents three issues for this Court's review:

1.     Whether Commerce's December 2023 Determination departs from
       Commerce's established practice without a reasonable explanation and is thus
       arbitrary;

2.     Whether Commerce's finding that the scope ruling application is duplicative
       is supported by substantial record evidence; and

---

[1]     References to the Administrative Record will be abbreviated as follows:  The Public Record will be identified as "P.R. __" with the appropriate document number inserted. The Confidential Record will be identified as "C.R. __" with the appropriate document number inserted.

3.    Whether Commerce's refusal to initiate a scope inquiry proceeding is plainly erroneous and inconsistent with its own regulations, which state that when Commerce rejects a scope ruling application because it is incomplete or otherwise unacceptable, an applicant may resubmit an application at any time after correcting the identified deficiencies.

## III.    STATEMENT OF FACTS

In June and October 2019, Commerce published the antidumping and countervailing duty orders on glycine — *i.e.*, *Glycine from India* (A-533-883 / C-533-884), *Japan* (A-588-878), *Thailand* (A-549-837), and *the People's Republic of China* (C-570-081) (collectively, "Orders"). *See Glycine from India and Japan: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Orders*, 84 Fed. Reg. 29170 (Dep't of Commerce June 21, 2019); *Glycine from Thailand: Antidumping Duty Order*, 84 Fed. Reg. 55912 (Dep't of Commerce October 18, 2019); and *Glycine from India and the People's Republic of China: Countervailing Duty Orders*, 84 Fed. Reg. 29173 (Dep't of Commerce June 21, 2019).

The subject merchandise covered by these Orders is glycine at any purity level or grade, including, but not limited to, all forms of crude or technical glycine, sodium glycinate, glycine slurry and any other forms of amino acetic acid or glycine. Subject merchandise also covers glycine and precursors of dried crystalline glycine that are processed in a third country, including, but not limited to, refining or any other processing that would not otherwise remove the merchandise from the scope of these Orders if performed in the country of manufacture of the in-scope glycine or precursors of dried crystalline glycine.

On August 14, 2023, the Plaintiff filed a scope ruling application ("August 2023 Scope Ruling Application") asking Commerce to determine that calcium glycinate is covered by the scope of the Orders. *See* ECF No. 15-11. In its August 2023 Scope Ruling Application, the Plaintiff explained that calcium glycinate can be used as a precursor of glycine when it is

deconstructed and that calcium glycinate, when used in glycine production, is a precursor of dried crystalline glycine, and thus should be treated within the scope of the Orders. *Id.*

On October 11, 2023, Commerce issued its final scope ruling on calcium glycinate ("October 2023 Determination"). *Id.* After examining the Plaintiff's August 2023 Scope Ruling Application, Commerce found that "{c}alcium glycinate is a precursor of glycine slurry, which is an in-scope glycine product, and glycine slurry is a precursor of dried crystalline glycine." *Id.* As a result, Commerce concluded that calcium glycinate is not a precursor of dried crystalline glycine and is not covered by the scope of the Orders. *Id.* The Plaintiff's appeal of Commerce's October 2023 determination is currently pending before the Court. *See* Court No. 23-238.

On November 29, 2023, the Plaintiff submitted another scope ruling application ("November 2023 Scope Ruling Application") for the same product with additional evidence. *See* C.R. 1-3. In the November 2023 Scope Ruling Application, the Plaintiff asked the Department to find that calcium glycinate is covered by the scope of the Orders because, *inter alia*, calcium glycinate is a crude form of glycine, which is included in the scope of the Orders. *Id.*

To support this request, the Plaintiff submitted an excerpt from Commerce's 2012 ruling finding that "sodium glycinate is a crude form of glycine." *Id.* Commerce's 2012 finding was informed by the determination of the U.S. International Trade Commission ("USITC" or the "Commission") that sodium glycinate is used as a precursor of glycine and contains glycine in its chemistry. *Id.* As a result, Commerce determined in 2012 that sodium glycinate is a crude form of glycine. *Id.*

The Plaintiff in the request explained that the "chemical reaction that takes place when converting sodium glycinate to glycine is identical to the chemical reaction for converting

calcium glycinate to glycine." *Id*. Like a manufacturer's sodium glycinate process for glycine, a manufacturer's calcium glycinate process for glycine can extract glycine out of calcium glycinate by the "addition of sulfuric acid to the calcium glycinate to deconstruct the calcium glycinate to form glycine." *Id*. In support, the Plaintiff submitted evidence showing that a manufacturer is indeed using this method to produce glycine. *Id*. The evidence shows that the manufacturer at issue [


]. *Id*.

The Plaintiff also submitted excerpts from the original trade remedy petition and from other filings in the original trade remedy investigation showing that the term "precursors of dried crystalline glycine," as used in the current scope language, "covers products derived one step prior to the dried crystalline glycine (*i.e.*, glycine slurry), as well as other products derived one step prior to glycine slurry, such as sodium glycinate or calcium glycinate that are used as precursors to produce glycine." *Id*.

On December 28, 2023, Commerce issued its determination to reject the Plaintiff's November 2023 Scope Ruling Application ("December 2023 Determination") after finding that the application "concerns the same product" as the August 2023 Scope Ruling Application and that it is "duplicative and otherwise unacceptable" pursuant to 19 C.F.R. § 351.225(d)(1)(i). (Internal quotation marks omitted) *See* December 2023 Determination, P.R. 8.

The provision Commerce referenced states that:

> (d) Initiation of a scope inquiry and other actions based on a scope ruling application
>
> —(1) Initiation of a scope inquiry based on a scope ruling application. Except as provided under paragraph (d)(2) of this section, within 30 days

after the filing of a scope ruling application, the Secretary will determine whether to accept or reject the scope ruling application.

(i) If the Secretary determines that a scope ruling application is incomplete or otherwise unacceptable, the Secretary may reject the scope ruling application and will provide a written explanation of the reasons for the rejection. If the scope ruling application is rejected, the applicant may resubmit the full application at any time, with all identified deficiencies corrected.

*Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52300, 52347 (Dep't of Commerce Sept. 20, 2021).

Effective October 30, 2023, Commerce has modified this provision to read as follows:

(d) Initiation of a scope inquiry and other actions based on a scope application — (1) Acceptance and Initiation of a scope inquiry ruling application. Except as provided under paragraph (d)(2) of this section, within 30 days after the filing of a scope application, the Secretary will determine whether to accept or reject the scope ruling application and to initiate or not initiate a scope inquiry, or, in the alternative, paragraph (d)(1)(ii) will apply.

*Administrative Protective Order, Service, and Other Procedures in Antidumping and Countervailing Duty Proceedings*, 88 Fed. Reg. 67069, 67078 (Dep't of Commerce Sept. 29, 2023).

On March 25, 2024, Commerce once again revised this provision, which currently states:

(d) * * *

(1) *Acceptance and initiation of a scope inquiry based on a scope ruling application.* Except as provided under paragraph (d)(1)(ii) or (d)(2) of this section, within 30 days after the filing of a scope ruling application, the Secretary will determine whether to accept or reject the scope ruling application and to initiate or not initiate a scope inquiry, or, in the alternative, paragraph (d)(1)(ii) will apply.

(i) If the Secretary determines that a scope ruling application is incomplete or otherwise unacceptable, the Secretary may reject the scope ruling application and will provide a written explanation of the reasons for the rejection. If the scope ruling application is

rejected, the applicant may resubmit the full application at any time, with all identified deficiencies corrected.

## IV.    SUMMARY OF THE ARGUMENT

Commerce's December 2023 Determination is arbitrary, capricious, unsupported by substantial evidence, and an abuse of discretion, or otherwise not in accordance with law.

Commerce's finding that the November 2023 Scope Ruling Application is "duplicative and otherwise unacceptable" because it concerns the same product is baseless. Commerce's regulations do not preclude parties from seeking multiple scope rulings on the same or similar products. Commerce has, in fact, initiated multiple scope proceedings on the same or similar products in the past. Commerce's outright refusal to initiate the requested scope proceeding for calcium glycinate, without an adequate explanation, is arbitrary and capricious.

Further, the November 2023 Scope Ruling Application, contrary to Commerce's finding, contained substantially different facts, evidence, and issues that warranted a new scope ruling proceeding. Commerce's finding that the November 2023 Scope Ruling Application is "duplicative" is not supported by substantial evidence, and is otherwise arbitrary, capricious, and an abuse of discretion.

Finally, according to Commerce's applicable regulations, when Commerce rejects a scope ruling application because it is "incomplete or otherwise unacceptable," Commerce is also required to provide the applicant an opportunity to "resubmit the full application at any time, with all identified deficiencies corrected." Because Commerce rejected the November 2023 Scope Ruling Application based on the finding that it was duplicative, the Plaintiff had no opportunity to cure the deficiency identified by Commerce and resubmit the scope ruling application. By rejecting the application on this basis, Commerce foreclosed for the Plaintiff

the opportunity to resubmit its application. As a result, Commerce's refusal to initiate a scope

ruling is plainly erroneous and inconsistent with its own regulations.

## V.     JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1581(c). Under Section

516A(b)(1)(B)(i) of the Tariff Act of 1930, as amended, the court will sustain a decision by

Commerce unless it is "unsupported by substantial evidence on the record, or otherwise not in

accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i); *see also NSK Ltd. v. United States*,

510 F.3d 1375, 1379 (Fed. Cir. 2007). "'Substantial evidence . . . means such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *A.L. Patterson, Inc. v.

United States*, 585 Fed. Appx. 778, 781-82 (Fed. Cir. 2014).

Alternatively, this court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B).

This provision encompasses issues related to the "administration and enforcement" of U.S. laws,

providing for duties on imports "for reasons other than the raising of revenue." The court looks

to 28 U.S.C. § 2640(e) when evaluating claims brought under this section, which directs

the court to utilize the standard of review set forth in the Administrative Procedure Act, as

amended. The court will uphold an agency's action unless it is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

Under this standard, "{c}ourts look for a reasoned analysis or explanation for

an agency's decision as a way to determine whether a particular decision is arbitrary, capricious,

or an abuse of discretion." *Wheatland Tube Co. v. United States*, 161 F.3d 1365, 1369 (Fed. Cir.

1998). An agency acts in an arbitrary and capricious manner if it "entirely failed to consider

an important aspect of the problem, offered an explanation for its decision that runs counter to

the evidence before the agency, or is so implausible that it could not be ascribed to a difference

in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983); *see also Ala. Aircraft Indus. v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (stating the same). "{A}n agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently." *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001).

## VI.    ARGUMENT

### A.    COMMERCE'S OUTRIGHT REFUSAL TO INITIATE A SECOND SCOPE INQUIRY PROCEEDING ON CALCIUM GLYCINATE IS A DEPARTURE FROM ITS ESTABLISHED PRACTICE WITHOUT A REASONABLE EXPLANATION

In its December 2023 Determination, Commerce found that "the Scope Ruling Application concerns the same product" as the one at issue in Commerce's October 11, 2023 scope ruling. *See* P.R. 8. As a result, Commerce determined that the November 2023 Scope Ruling Application was "duplicative and otherwise unacceptable" and rejected the November 2023 Scope Ruling Application pursuant to 19 C.F.R. § 351.225(d)(1)(i). *Id.*

Beyond a general recognition that Commerce may issue "class or kind of merchandise" determinations, the Tariff Act of 1930, as amended (the "Act"), is otherwise silent regarding the procedures and standards that Commerce may apply in issuing a scope ruling. 19 U.S.C. § 1516a(a)(2)(B)(vi). Thus, Commerce's regulation, 19 C.F.R. § 351.225, describes the applicable procedures and standards concerning "scope rulings" that Commerce will issue upon application of an interested party, or by initiating a "scope inquiry."

19 C.F.R. § 351.225(d)(1), the provision Commerce referenced in the December 2023 Determination, states that "within 30 days after the filing of a scope ruling application, the Secretary will determine whether to accept or reject the scope ruling application." If Commerce "determines that a scope ruling application is incomplete or otherwise

unacceptable, the Secretary may reject the scope ruling application and will provide a written explanation of the reasons for the rejection." 19 C.F.R. § 351.225(d)(1)(i).

Commerce's regulations do not prevent the agency from initiating a scope ruling proceeding when an application concerns a product at issue in a previous scope ruling proceeding. Given that Commerce has initiated scope ruling proceedings for the same or similar products in the past, Commerce failed to explain why it treated the November 2023 Scope Ruling Application differently from these precedents.

For example, in *Aluminum Extrusions from the People's Republic of China*, Commerce initiated multiple scope ruling proceedings to determine whether "curtain wall units" were within the scope of the pertinent antidumping and countervailing duty orders. *See Notice of Scope Rulings*, 78 Fed. Reg. 32372 (Dep't of Commerce May 30, 2013) ("curtain wall units and other parts and components of curtain walls are within the scope of the antidumping duty and countervailing duty orders"); *see also Notice of Scope Rulings*, 79 Fed. Reg. 30821 (Dep't of Commerce May 29, 2014) ("Yuanda's curtain wall units that are produced and imported pursuant to a contract to supply a curtain wall are within the scope of the orders."). Notably, Yuanda, the company that submitted a scope ruling application for curtain wall units, also submitted a request to Commerce during the original investigation of the pertinent orders to exclude unitized wall units from the scope of the investigations. *See* Final Scope Ruling Memorandum, Antidumping Duty and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China, (March 27, 2014), Barcode: 3191337-01, at 7.

Similarly, as this Court recognized in *Target Corp. v. United States*, Commerce initiated at least seven scope inquiry proceedings in a seven-year period in *Petroleum Wax from the People's Republic of China* to determine whether mixed-wax candles are within the scope of

the pertinent antidumping and countervailing duty orders. *Target Corp. v. United States*, 578 F. Supp. 2d 1369, 1372 and n. 2 (Ct. of Int'l Trade 2008) (referencing *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "Costco Wholesale" (Dec. 10, 1998) (candles composed of 19% petroleum wax and 81% beeswax excluded from Order for not satisfying Commission's like product definition of petroleum wax candles); *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "Et Al Imports, Inc." (Dec. 11, 1998) (candles composed of 20% paraffin wax and 80% beeswax excluded from Order based upon the Commission's definition of the domestic like product); *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "Ocean State Jobbers, Inc." (Dec. 18, 1998) (candles composed of 20% petroleum wax and 80% beeswax excluded from Order based upon the Commission's definition of the domestic like product); *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "JC Penny Purchasing, Corp." (May 21, 2001) (candles composed of  42% petroleum wax and 58% palm oil excluded from Order for not satisfying the Commission's definition of domestic like product); *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "Leader Light, Inc." (Dec. 12, 2002) (candles containing less than 50% petroleum wax excluded from Order for not satisfying the Commission's definition of domestic like product); *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "Avon Products, Inc." (Nov. 17, 2003) (candles containing less than 50% petroleum wax excluded from Order for not satisfying the Commission's definition of domestic like product); *Petroleum Wax Candles from the People's Republic of China*, Final Scope Ruling, A-570-504, "Pier 1 Imports, Inc." (May 13, 2005) (candles with petroleum-based wax content less than 50 percent excluded from the Order

pursuant to the Commission's like product definition and Commerce's treatment in prior scope rulings)).

It is well established that "an agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently." *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001). "{C}onsistency has long been a core interest of administrative law, and inconsistent treatment is inherently significant." *DAK Americas LLC v. United States*, 456 F. Supp. 3d 1340, 1355 (Ct. of Int'l Trade, 2020) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944); *Chisholm v. Def. Logistics Agency*, 656 F.2d 42, 47 (3d Cir. 1981)). "{W}here an agency departs from prior determinations, it is appropriate to compel the agency to explain whether: (1) good reasons prompt that departure; or (2) the prior determinations are inapposite such that it is not in fact a departure at all." *Id*. at 1356.

Here, Commerce rejected Plaintiff's November 2023 Scope Ruling Application because "the Scope Ruling Application concerns the same product {at issue in the October Determination} … {and is} duplicative and otherwise unacceptable pursuant to 19 CFR 351.225(d)(1)(i)." *See* P.R. 8. However, Commerce failed to explain why initiating a separate scope proceeding for calcium glycinate is precluded by the referenced provision. Commerce also failed to provide an adequate explanation as to why it treated the Plaintiff's November 2023 Scope Ruling Application differently from the multiple scope proceedings initiated by Commerce in other proceedings, including those for unitized curtain wall products in *Aluminum Extrusions from the People's Republic of China* and those for mixed-wax candles in *Petroleum Wax from the People's Republic of China*. Commerce's refusal to initiate a scope ruling proceeding upon the November 2023 Scope Ruling Application and its failure to adequately

explain why it treated this application differently from those in past proceedings should prompt the Court to remand Commerce's arbitrary decision for further proceedings.

### B.    COMMERCE'S FINDING THAT THE NOVEMBER 2023 SCOPE RULING APPLICATION IS DUPLICATIVE IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Commerce's December 2023 Determination finding that the November 2023 Scope Ruling Application is duplicative is factually incorrect and should be remanded. The Plaintiff's November 2023 Scope Ruling Application contains significant substantive differences from the August 2023 Scope Ruling Application that Commerce should address in a new scope inquiry proceeding.

The Plaintiff's August 2023 Scope Ruling Application asked Commerce to determine that calcium glycinate is covered by the scope of the Orders because calcium glycinate, when used in glycine production, is a precursor of dried crystalline glycine. *See* ECF No. 15-11. In its October 2023 Determination, after examining the Plaintiff's August 2023 Scope Ruling Application, Commerce found that "{c}alcium glycinate is a precursor of glycine slurry, which is an in-scope glycine product, and glycine slurry is a precursor of dried crystalline glycine." *Id.* As a result, Commerce concluded that calcium glycinate is not a precursor of dried crystalline glycine and is not covered by the scope of the Orders. *Id.*

While the Plaintiff's November 2023 Scope Ruling Application concerned the same product, the November 2023 Scope Ruling Application contained significant substantive differences that the Department should have addressed in a new scope inquiry proceeding.

Unlike the August 2023 Scope Ruling Application, which asked Commerce to consider whether calcium glycinate is within the scope of the Orders because it is a precursor of glycine,

the November 2023 Scope Ruling Application asked the Department to analyze whether calcium glycinate is a crude form of glycine, which is also covered by the scope of the Orders. *See* C.R. 1-3. To support this request, the Plaintiff submitted an excerpt from Commerce's 2012 ruling finding that "sodium glycinate is a crude form of glycine." Commerce's 2012 finding was informed by the determination of the U.S. International Trade Commission ("USITC" or the "Commission") that sodium glycinate is used as a precursor of glycine and contains glycine in its chemistry. *Id*. As a result, Commerce determined in 2012 that sodium glycinate is a crude form of glycine. *Id*.

The Plaintiff explained that the "chemical reaction that takes place when converting sodium glycinate to glycine is identical to the chemical reaction for converting calcium glycinate to glycine." *Id*. Like the manufacturer's glycine production process using sodium glycinate, the manufacturer's glycine production process using calcium glycinate allows the manufacturer to extract glycine out of calcium glycinate by the "addition of sulfuric acid to the calcium glycinate to deconstruct the calcium glycinate to form glycine." *Id*. In support, the Plaintiff submitted evidence showing that a manufacturer is indeed using this method to produce glycine. *Id*. The evidence shows that the manufacturer at issue [

]. *Id*.

The Plaintiff also submitted excerpts from the original trade remedy petition and filings from the original trade remedy investigation indicating that the term "precursors of dried crystalline glycine," as used in the current scope language, "covers products derived one step prior to the dried crystalline glycine (*i.e.*, glycine slurry), as well as other products derived

one step prior to glycine slurry, such as sodium glycinate or calcium glycinate that are used as precursors to produce glycine." *Id.*

In short, the Plaintiff's second scope application was substantially different from the first one, containing significant additional evidence, information, and legal issues that Commerce should have addressed in the second scope ruling proceeding. The term "duplicative" is defined as "consisting of or existing in two corresponding or identical parts or examples" and as "being the same as another." *See* Merriam-Webster Dictionary https://www.merriam-webster.com/dictionary/duplicative (last accessed July 16, 2024). A careful comparison between the November 2023 Scope Ruling Application and the August 2023 Scope Ruling Application shows that, except for the product at issue, the two applications are nowhere near "duplicative."

Commerce's finding underlying its refusal to initiate a scope proceeding upon the November 2023 Scope Ruling Application thus suffers from significant flaws and is unsupported by substantial evidence. Commerce failed to provide an adequate explanation as to why the November 2023 Scope Ruling Application that raised different evidence, facts, and legal issues was "duplicative and otherwise unacceptable" and why the agency was precluded from initiating a second scope proceeding to address these new facts and issues raised in the second scope ruling application. As a result, Commerce's finding in the December 2023 Determination is unsupported by substantial evidence and should be remanded.

### C.    THE DECEMBER 2023 DETERMINATION IS PLAINLY ERRONEOUS AND INCONSISTENT WITH COMMERCE'S REGULATIONS

As noted, Commerce rejected the Plaintiff's November 2023 Scope Ruling Application because "the Scope Ruling Application concerns the same product {at issue in the October Determination} … {and is} duplicative and 'otherwise unacceptable' pursuant to 19 CFR

§ 351.225(d)(1)(i)." *See* December 2023 Determination, P.R. 10. The provision Commerce

referenced in its December 2023 Determination states, in pertinent part:

> (d) Initiation of a scope inquiry and other actions based on a scope ruling
> application
>
> —(1) Initiation of a scope inquiry based on a scope ruling application.
> Except as provided under paragraph (d)(2) of this section, within 30 days
> after the filing of a scope ruling application, the Secretary will determine
> whether to accept or reject the scope ruling application.
>
> (i) If the Secretary determines that a scope ruling application is
> incomplete or otherwise unacceptable, the Secretary may reject the scope
> ruling application and will provide a written explanation of the reasons
> for the rejection. If the scope ruling application is rejected, the applicant
> may resubmit the full application at any time, with all identified
> deficiencies corrected.

*Regulations To Improve Administration and Enforcement of Antidumping and Countervailing*

*Duty Laws*, 86 Fed. Reg. 52300, 52347 (Dep't of Commerce Sept. 20, 2021). While the language

in subparagraph (i) was revised on October 30, 2023, Commerce continued to rely in its

December 2023 Determination on the previous version of subparagraph (i), as set forth

previously. *Administrative Protective Order, Service, and Other Procedures in Antidumping and*

*Countervailing Duty Proceedings*, 88 Fed. Reg. 67069, 67078 (Dep't of Commerce Sept. 29,

2023).

  The second sentence of subparagraph (i) states that, if Commerce rejects a scope ruling

application, it should allow the applicant to "resubmit the full application at any time, with

all identified deficiencies corrected." Because Commerce rejected the November 2023 Scope

Ruling Application on the basis that it is "duplicative," the Plaintiff was precluded from

resubmitting the full application, as explicitly permitted by the regulations.

While the Court gives substantial deference to Commerce's interpretations of its own regulations, the Court cannot defer to an interpretation that is "plainly erroneous or inconsistent with the regulations." *CC Metals & Alloys, LLC v. United States*, 145 F. Supp. 3d 1299, 1304 and 1308 (Ct. of Int'l Trade 2016) (remanding Commerce's treatment of pre-sale warehousing expenses inconsistent with 19 C.F.R. § 351.401(e)); *see also Wuhu Fenglian Co. v. United States*, 836 F. Supp. 2d 1398, 1403 (Ct. of Int'l Trade 2012) (remanding Commerce's rejection of factual information submitted pursuant to 19 C.F.R. § 351.301(c)(1)). Further, deference is unwarranted when "the agency's interpretation conflicts with the intent the agency expressed at the time of promulgation." *Glycine & More, Inc. v. United States*, 107 F. Supp. 3d 1356, 1364  (Ct. of Int'l Trade 2015) (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).

Here, Commerce's rejection of the November 2023 Scope Ruling Application is plainly erroneous and inconsistent with the regulations on which Commerce relied in its December 2023 Determination. By rejecting the application on the basis that it is "duplicative," Commerce foreclosed any possibility for the Plaintiff to "resubmit the full application at any time, with all identified deficiencies corrected," as explicitly permitted by the regulations.  Further, Commerce's rejection of the November 2023 Scope Ruling Application contradicts Commerce's intent behind its promulgation of subsection (i) of section 225(d). In the preamble of the rulemaking notice proposing to add subsection (i) of section 225(d), Commerce explained that if a scope request "is incomplete or otherwise unacceptable, the Secretary may reject and will reconsider it if it is resubmitted with sufficient documentation." *Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 85 Fed. Reg. 49472, 49485 (Dep't of Commerce Aug. 13, 2020).

In short, when promulgating subsection (i) of section 225(d), Commerce's intention was to reject incomplete or otherwise unacceptable applications, identify the deficiencies in the rejection letter, and allow the applicants to resubmit their applications after correcting those identified deficiencies. Commerce's December 2023 Determination, however, prevented the Plaintiff from correcting the identified deficiency and resubmitting the application. As a result, Commerce's December 2023 Determination is a plainly erroneous interpretation of its own regulations and should be remanded.

## VII.    CONCLUSION AND PRAYER FOR RELIEF

For these reasons, the Plaintiff respectfully requests that the Court:

1)      Enter judgment in favor of the Plaintiff;

2)      Hold and declare that Commerce's December 2023 Determination is unsupported by substantial evidence and is arbitrary and capricious;

3)      Hold and declare that Commerce's treatment of the November 2023 Scope Ruling Application is inconsistent with its own established practice and is therefore arbitrary;

4)      Hold and declare that Commerce's finding that the November 2023 Scope Ruling Application is duplicative is unsupported by substantial evidence;

5)      Hold and declare that Commerce's December 2023 Determination is plainly erroneous and inconsistent with the regulations;

6)      Remand Commerce's December 2023 Determination with instructions to initiate a scope inquiry proceeding on the November 2023 Scope Ruling Application; and

7)    Grant the Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David M. Schwartz
David M. Schwartz
Kerem Bilge

**THOMPSON HINE LLP**

1919 M Street, N.W., Suite 700
Washington, DC 20036
(202) 263-4170
(202) 331-8330 (fax)
David.Schwartz@ThompsonHine.com
Kerem.Bilge@ThompsonHine.com

*Counsel to Deer Park Glycine, LLC*

Dated:  July 23, 2024

**CERTIFICATE OF COMPLIANCE**

I, David Schwartz, hereby certify that this brief complies with the word limitation of the Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 5,057 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ David M. Schwartz

David M. Schwartz
Kerem Bilge

THOMPSON HINE LLP

1919 M Street, N.W., Suite 700
Washington, D.C. 20036
202.263.4170
202.331.8330 (fax)
Email:  David.Schwartz@ThompsonHine.com

*Counsel to Deer Park Glycine, LLC*

Dated:  July 23, 2024