**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | | |
|---|---|---|
| DEER PARK GLYCINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 24-00016 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:
JOSEPH GROSSMAN-TRAWICK
Attorney
Office of the Chief Counsel
   for Trade Enforcement & Compliance
U.S. Department of Commerce
Washington, D.C.
Tel:  (202) 365-7536
Email:  Joseph.Grossman-Trawick@trade.gov

KELLY GEDDES
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 307-2867
Email: Kelly.Geddes2@usdoj.gov

January 6, 2025

*Attorneys for Defendant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

ARGUMENT .................................................................................................................... 2

     I.     The Court Does Not Possess Jurisdiction Pursuant To 28 U.S.C. § 1581(c).......... 2

     II.    The Court Does Not Possess Jurisdiction Pursuant To 28 U.S.C. § 1581(i) .......... 3

CONCLUSION ................................................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370 (Fed. Cir. 2019) ........................ 2

*Trustees in Bankruptcy of North American Rubber Thread Co. v. United States*, 593 F.3d 1346 (Fed. Cir. 2010) ............................................................................................................................ 4

**Statutes**

18 U.S.C. § 1581 .................................................................................................................... 1, 2, 3

19 U.S.C. § 1516a ...................................................................................................................... 2, 3

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| DEER PARK GLYCINE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Court No. 24-00016 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, the United States, respectfully submits this reply in support of its motion to dismiss the complaint filed by plaintiff Deer Park Glycine, LLC (Deer Park) for lack of subject matter jurisdiction. Deer Park challenges Commerce's determination not to initiate a scope inquiry on a product, calcium glycinate, that had already been the subject of a final scope ruling issued the prior month. As we explained in our motion, such a challenge does not fall within the scope of 18 U.S.C. § 1581(c) because it does not challenge a determination as to whether a product is within the scope of an antidumping or countervailing duty order, but rather a determination not to initiate a scope inquiry in the first place. And as we further explained, Deer Park is free to challenge Commerce's determination that calcium glycinate is not within the scope of the orders at issue, and Deer Park is in fact bringing such a challenge.[1] Accordingly, the

---

[1] The three relevant orders are *Glycine from India and Japan: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Orders*, 84 Fed. Reg. 29,170 (Dep't of Commerce Jun. 21, 2019); *Glycine from Thailand: Antidumping Duty Order*, 84 Fed. Reg. 55,912 (Dep't of Commerce Oct. 18, 2019); and *Glycine from India and the People's Republic of China: Countervailing Duty Orders*, 84 Fed. Reg. 29,173 (Dep't of Commerce Jun. 21, 2019).

Court does not possess jurisdiction pursuant to 18 U.S.C. § 1581(i), because that provides

jurisdiction only where other remedies are manifestly inadequate.  *See, e.g.*, *Erwin Hymer Grp.*

*N. Am., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019).

## **ARGUMENT**

## I.    **The Court Does Not Possess Jurisdiction Pursuant To 28 U.S.C. § 1581(c)**

In its response to the motion to dismiss, Deer Park continues to argue that the Court

possesses jurisdiction pursuant to 28 U.S.C. § 1581(c) because Deer Park challenges a

"determination…as to whether a particular type of merchandise is within the class or kind of

merchandise described in an existing finding of dumping or antidumping or countervailing duty

order."  Pl. Br. at 6 (quoting 19 U.S.C. § 1516a(a)(2)(B)(iv)).  However, Commerce did not

make such a determination.  Rather, it rejected the application filed by GEO Specialty

Chemicals, Inc. (GEO), Deer Park's predecessor in interest, because the application concerned a

product that was already the subject of a final scope ruling.  In doing so, Commerce did not

consider whether or not calcium glycinate was within the scope of the orders.  Instead,

Commerce only considered whether it was appropriate to initiate a second scope inquiry

immediately after conducting a scope inquiry, particularly when the application was made by the

same party.

Deer Park provides no explanation as to how such a determination falls within the

language of 19 U.S.C. § 1516a(a)(2)(B)(iv), instead asserting that "nothing in the statute

expressly excludes a scope ruling application rejection" from that subsection.  Pl. Br. at 6-7.  But

the fact that the statutory language does not specifically preclude this case from this Court's

jurisdiction is irrelevant.  The question is whether any statutory provision provides the Court

with jurisdiction, and this case does not fall within the plain language of the subsection that Deer

Park relies on.  Deer Park even acknowledges that this is the "literal" reading of the statutory language.  Pl. Br. at 7.

Deer Park attempts to overcome the plain language of the statute by arguing that Commerce's rejection of the scope ruling application relied on the existence of the prior scope ruling.  Pl. Br. at 7.  However, Deer Park does not explain how this is relevant.  Regardless of what Commerce relied on, there is no dispute that Commerce was determining whether to conduct a second scope inquiry, and did not reach the substantive question of whether calcium glycinate was within the scope of the orders.  The determination is therefore not within the jurisdiction provided by 19 U.S.C. § 1516a(a)(2)(B)(iv).  Deer Park asserts that the rejection of the application was "an 'implied' determination that calcium glycinate is not within the scope of the Orders."  Pl. Br. at 7.  But Commerce simply determined that it was inappropriate to conduct a second scope inquiry on the exact same product, and declined to do so.  This determination did not, implicitly or otherwise, find calcium glycinate outside the scope of the orders; it simply failed to overturn the existing scope ruling that did so, which Deer Park is free to challenge.

Deer Park further argues that it is not relevant whether Commerce's determination was "published in the Federal Register" or "mailed to any party" pursuant to 19 U.S.C. 1516a(2)(A), because this provision concerns the deadline for challenging certain determinations.  Pl. br. at 7.  While that may be true, the language of this provision nonetheless demonstrates that the statute does not contemplate providing the Court with jurisdiction over procedural determinations such as this one, that are neither published in the Federal Register nor mailed to any party.

## II.    The Court Does Not Possess Jurisdiction Pursuant To 28 U.S.C. § 1581(i)

The parties agree that the dispositive question is whether all other available remedies are "manifestly inadequate."  Pl. Br. at 9.  Deer Park argues that appealing Commerce's final scope ruling is not an adequate remedy because it does not allow Deer Park to submit additional

evidence in support of its application. Pl. Br. at 9-10. However, this is routinely true in record review cases, where parties before agencies are responsible for submitting the relevant materials to the agency in order for the agency to make an informed decision. When parties fail to place relevant information on the record and receive an unfavorable result, the Court nonetheless reviews the agency determination based on the closed record, and parties may be stuck with the unfavorable result. This does not mean the available remedy of judicial review is inadequate; it simply means that parties do not have unlimited opportunities to make their case, and having failed to adequately do so before the agency, they may miss their chance. Here, Deer Park has had a full opportunity to present its scope application to Commerce and challenge an unfavorable result, and that remedy, while perhaps not perfect in all cases, is not manifestly inadequate.

Deer Park points out that Commerce has expressed concerns about applying the results of a scope inquiry automatically to all producers, exporters, or importers of the relevant merchandise, because this would not allow all interested parties to adequately protect their interests. Pl. Br. at 10-11. Here, however, Commerce is not seeking to apply the results of another party's scope ruling application against Deer Park. Rather, GEO—Deer Park's predecessor in interest—filed both scope ruling applications. There is therefore no concern that Deer Park was deprived of a fair opportunity to represent its own interests, or that the product is different . Rather, Deer Park appears to believe that GEO failed to adequately present its case in the first instance and should be entitled to a second opportunity (and, by the same logic, unlimited additional opportunities) to do so.

Finally, Deer Park argues that it is differently situated than the plaintiff in *Trustees in Bankruptcy of North American Rubber Thread Co. v. United States*, 593 F.3d 1346, 1350 (Fed. Cir. 2010), where plaintiff was barred from challenging Commerce's determination not to initiate

a second changed circumstances review, because the plaintiff could achieve "the same ultimate outcome" through its challenge to the first changed circumstances review.  *Id.* at 1352.  Deer Park argues that it does not "ha{ve} available to it another route to the same ultimate outcome" because the ultimate relief Deer Park seeks is consideration November 2023 scope ruling application.  Pl. Br. at 12.  However, if Commerce reviews Deer Park's November application and continues to find calcium glycinate out of scope, Deer Park will not be any better off.  The ultimate outcome Deer Park truly seeks is a determination that calcium glycinate is within the scope of the orders.  And Deer Park could obtain that outcome by challenging Commerce's October 2023 final scope ruling.  That remedy is not manifestly inadequate simply because another avenue would be more favorable Deer Park.

**CONCLUSION**

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, deny Deer Park's motion and sustain Commerce's Determination Not to Initiate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

OF COUNSEL:
JOSEPH GROSSMAN-TRAWICK                /s/ Kelly Geddes
Attorney                               KELLY GEDDES
Office of the Chief Counsel            U.S. Department of Justice
    for Trade Enforcement & Compliance    Commercial Litigation Branch
U.S. Department of Commerce            P.O. Box 480, Ben Franklin Station
Washington, D.C.                       Washington, DC 20044
Tel:  (202) 365-7536                   (202) 307-2867
Email:  Joseph.Grossman-Trawick@trade.gov    Email: Kelly.Geddes2@usdoj.gov

January 6, 2025                        *Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 1,389 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s Kelly M. Geddes
Kelly M. Geddes